IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| JOHN DOE, a/k/a JONATHAN NELSON, <br><br>   Plaintiff, <br><br>   v. <br><br> ERIC HOLDER, <br> Attorney General of the United States, and <br> ROBERT MUELLER, Director, <br> Federal Bureau of Investigation, <br><br>   Defendants. | Case No. 08-2557-JWL |

## **MEMORANDUM AND ORDER**

Plaintiff, acting pro se, has brought suit against Eric Holder, as United States Attorney General, and Robert Mueller, as Director of the Federal Bureau of Investigation (FBI). This matter comes before the Court on defendants' motion to dismiss (Doc. # 14). For the reasons set forth below, the Court **grants** the motion, and the action is dismissed.

First, plaintiff's claims for damages are barred by the doctrine of sovereign immunity. "A suit for damages against a federal agent in his official capacity would be barred by sovereign immunity, unless the government has waived sovereign immunity." *Pleasant v. Lovell*, 876 F.2d 787, 793 (10th Cir. 1989). The plaintiff bears the burden of proving that sovereign immunity has been waived. *See James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992).

It is clear in the present case that plaintiff has sued defendants—the present Attorney General and FBI Director—in their official capacities.  For instance, plaintiff amended his original complaint to substitute Mr. Holder for his predecessors in office as the defendant, and in a motion to add Mr. Mueller, plaintiff stated that he intended to list that defendant as the FBI Director and not by his personal name.  Plaintiff has conceded in his briefs that he has not sued defendants personally, but that he wished to sue the Department of Justice and FBI as entities.

Plaintiff has not identified any basis for waiver of defendants' sovereign immunity from suit.  Accordingly, plaintiff cannot maintain his claims for damages against these defendants, and such claims are hereby dismissed.

Nor can plaintiff maintain his stated claims for injunctive relief.  In his amended complaint, plaintiff states that he seeks the following relief: "An injunction to local (Johnson County) prosecutor's office.  A review by this court of materials to determine if such images are protected speech.  A judgement [*sic*], after reviewing the specific facts of the case, as to whether any reasonable jury could conclude scienter to be present."  In his brief, plaintiff has explained that, by this language, he requests that the Court determine whether certain images at issue in his pending state prosecution on child pornography charges constitute protected speech under the First Amendment, with the intent that he use such determination in the state proceedings.

Neither the State of Kansas nor its agents are defendants in the present suit; therefore, the Court cannot grant any injunctive relief relating to plaintiff's prosecution

in state court. *See Commercial Sec. Bank v. Walker Bank & Trust Co.*, 456 F.2d 1352, 1355-56 (10th Cir. 1972).[1]  Moreover, 28 U.S.C. § 2283 prohibits a federal court from granting an injunction to stay proceedings in a state court except in circumstances not present here. *See id.* (such injunction permitted only "as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments"); *see also Rizzo v. Goode*, 423 U.S. 362, 379 (1976) ("even where the prayer for injunctive relief does not seek to enjoin the state criminal proceedings themselves, we have held that the principles of equity nonetheless militate heavily against the grant of an injunction except in the most extraordinary circumstances").  Nor has plaintiff shown that his ongoing state criminal prosecution was commenced solely in bad faith or that he faces a present irreparable injury, given that he may still prevail in that proceeding, such that a federal court may interfere with that prosecution. *See Phelps v. Hamilton*, 59 F.3d 1058, 1063-64 (10th Cir. 1995) (citing *Younger v. Harris*, 401 U.S. 37, 53-54 (1971)).[2]

---

[1]In *United States v. New York Telephone Co.*, 434 U.S. 259 (1977), the Supreme Court held that non-party injunctions may be possible against persons in a position to frustrate the implementation of a court order or the proper administration of justice. *See id.* at 174.  The injunction requested in the present case concerning the admissibility of evidence in the state proceeding would not fall within this exception from *New York Telephone*, however.

[2]In his briefs (though not in his amended complaints), plaintiff also indicates that he desires a determination from the Court as to whether the FBI violated the Equal Protection Clause in its treatment of him or improperly failed to issue him *Miranda* warnings.  In the absence of properly requested injunctive relief against these defendants,
(continued...)

The Court does not consider the merits of claims, which are irrelevant to this analysis. In sum, plaintiff simply cannot seek this particular relief from these particular defendants. Accordingly, the Court grants defendants' motion and dismisses the action.

In light of this ruling, plaintiff's motion to expedite discovery, made in his response to the motion to dismiss (Doc. # 16), is denied.

IT IS THEREFORE ORDERED BY THE COURT THAT defendants' motion to dismiss (Doc. # 14) is **granted**, and this action is hereby dismissed.

IT IS SO ORDERED.

Dated this 9th day of July, 2009, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

²(...continued)
however, the Court may not issue such advisory opinions, particularly to the extent that those issues bear on his state criminal proceeding.